UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Kevin McNulty |
| | : | |
| v. | : | |
| | : | |
| KEILA RAVELO | : | Crim. No. 15-576 (KM) |

---

GOVERNMENT'S PRETRIAL MOTIONS

---

WILLIAM E. FITZPATRICK
Acting United States Attorney
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

On the Brief:

BRIAN URBANO
ANDREW KOGAN
Assistant United States Attorneys

## PRELIMINARY STATEMENT

The Government respectfully submits this brief in support of its pretrial motions. For the reasons set forth below, the United States respectfully submits that the Court should: (1) grant the Government's motion for reciprocal discovery; (2) grant the Government's motion to bar the defendant, Keila Ravelo, from seeking jury nullification; and (3) reserve on the Government's motion to, if necessary, hold a pretrial hearing pursuant to Fed. R. Evid. 104 concerning the admissibility of evidence.

## STATEMENT OF FACTS AND
## PROCEDURAL HISTORY

The defendant engaged in a fraudulent scheme from in or about 2008 through in or about July 2014 through which she and her husband, Melvin Feliz, obtained nearly eight million dollars.

From prior to 2008 through on or about October 1, 2010, the defendant was a partner at a law firm ("Law Firm 1"). Indictment, Count One, ¶ 1(a). From on or about October 1, 2010, to on or about November 14, 2014, the defendant was a partner at a second law firm ("Law Firm 2"). Indictment, Count One, ¶ 1(a). The defendant spent a significant amount of her time representing a client ("Client 1") while a partner at Law Firm 1 and Law Firm 2. *See* Indictment, Count One, ¶ 1(c).

In furtherance of their criminal activity, the defendant and her husband caused the formation of two vendors ("Vendor 1" and "Vendor 2"). Indictment, Count One, ¶ 4. Vendor 1 and Vendor 2 purported to provide litigation support services. The defendant and her husband then caused Vendor 1 and Vendor 2 to submit fraudulent invoices to Law Firm 1 and/or Law Firm 2 for work allegedly performed as part of the law firm's representation of Client 1. Indictment, Count One, ¶ 5. The defendant then used her position at Law Firm 1 and Law Firm 2 to authorize payment of the fraudulent invoices. Indictment, Count One, ¶ 7.

Through these criminal acts, the defendant and her husband fraudulently obtained millions of dollars. Specifically, Vendor 1 received more than $5,000,000 in payments from Law Firm 1 and Law Firm 2. Indictment,

2

Count One, ¶ 1(d).  Vendor 2 received more than $1,000,000 from Law Firm 2. Indictment, Count One, ¶ 1(e).

The defendant and her husband thereafter spent their illegally obtained millions.  Indeed, the defendant and her husband essentially did one of two things with the vast majority of the money that Law Firm 1 and Law Firm 2 sent to Vendor 1 and Vendor 2's bank accounts.  First, they caused the vendors to pay for their personal expenses.  Indictment, Count One, ¶¶ 1(d) and (e). Second, they caused the vendors to transfer money into their joint bank account and then used the money to pay for their personal expenses and investments.  Indictment, Count One, ¶¶ 1(d) and (e).

In addition, the defendant and her husband evaded paying taxes on their ill-gotten gains.  Indictment, Counts Six through Nine.

On or about December 22, 2014, law enforcement arrested the defendant and her husband pursuant to court-authorized arrest warrants.

On or about August 25, 2015, the defendant's conspirator, her husband, pleaded guilty.  Specifically, Mr. Feliz pleaded guilty to one count of conspiracy to commit wire fraud and one count of tax evasion.  Information, *United States v. Feliz*, Crim. No. 15-421 (KM).  During the plea colloquy, the defendant's conspirator admitted, in substance and in part, the facts underlying the charges against the defendant.

On or about November 5, 2015, a grand jury sitting in Newark, New Jersey, returned a nine-count Indictment against the defendant.  Count One of the Indictment alleges that the defendant engaged in a multi-year wire fraud

3

conspiracy through which she defrauded Law Firm 1, Law Firm 2, and Client 1, out of approximately $7,800,000.  Counts Two through Five of the Indictment allege substantive counts of wire fraud.  Count Six through Nine of the Indictment allege the defendant evaded paying taxes on her ill-gotten gains.

## ARGUMENT

### I. THE COURT SHOULD ORDER THE DEFENDANT TO PROVIDE RECIPROCAL DISCOVERY

The Court should order the defendant to provide reciprocal discovery. The right of the Government to reciprocal discovery is firmly established in Fed. R. Crim. P. 16(b)(1)(A) – (C). Subsection (b)(1)(A) allows the Government, upon compliance with a legitimate request by a defendant for similar material, to:

> [I]nspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
> (i) the item is within the defendant's possession, custody, or control; and
> (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Subsection (b)(1)(B) mandates reciprocal discovery of mental examinations and scientific tests. Subsection (b)(1)(C) requires disclosure of the testimony of expert witnesses.

The Government has provided discovery to the defendant. To date, the defendant has not provided any reciprocal discovery. Accordingly, the United States respectfully submits that the Court should order the defendant to provide reciprocal discovery.

## II. THE COURT SHOULD BAR THE DEFENDANT FROM SEEKING JURY NULLIFICATION

The Court should bar defendant from seeking acquittal through jury nullification. The Third Circuit has condemned jury nullification in stating, "jury nullification violates the sworn jury oath and prevents the jury from fulfilling its constitutional role." *United States v. Boone*, 458 F.3d 321, 329 (3d Cir. 2006). The Second Circuit has stated that jury nullification "is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent." *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997). A District Court similarly found:

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of a power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983).

Courts play an active role in the prevention of jury nullification. Indeed, courts have the duty to prevent jury nullification. *See Thomas*, 116 F.3d at 616 ("[i]nasmuch as no juror has a right to engage in nullification–and, on the contrary, it is a violation of a juror's sworn duty to follow the law as instructed by the court-trial courts have a duty to forestall or prevent such conduct; whether by firm instruction or admonition."). Moreover, the Court should be proactive to insure against jury nullification. *See United States v. Atlantic States Cast Iron Pipe Co.*, 627 F. Supp. 2d 180, 223 (D.N.J. 2009) (noting that court had previously and with "sound reasoning" granted Government's motion

6

*in limine* seeking to "exclude any evidence or argument from defendants to the effect that any discharges and emissions shown by the evidence were not harmful in the environment," because such harm was not an element of any of the charged offenses, "nor was lack of harm a defense, so it would be irrelevant and could invite jury nullification."); *see also United States v. Kemp*, 500 F.3d 257, 303-304 (3d Cir.2007) (courts should give appropriate jury instructions and remove any juror engaged in nullification). In sum, courts should take steps prior to the trial and outside the presence of the full jury to stop jury nullification.

Courts should also bar acts during trial that would lead to jury nullification. Hence, a defendant has no right to: (1) adduce evidence that is not probative to the charges but instead is adduced for nullification purposes; or (2) argue nullification. *See United States v. Funches*, 135 F.3d 1405, 1408-1409 (11th Cir. 1998). As a result, courts should prevent a defendant from arguing or producing evidence: (1) regarding the potential penalties the defendant is facing, *see United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997); *but cf. United States v. Chandler*, 326 F.3d 210, 221-22 (3d Cir. 2003) (government's cooperating witness may be cross-examined concerning penalties that witness faced but for cooperating plea agreement with government); (2) supporting ignorance of the law as a defense, *Funches*, 135 F.3d at 1408-09; and (3) whose sole purpose is to provoke the jury to disregard the law. *United States v. Lucero*, 895 F. Supp. 1421, 1426 (D. Kan. 1995).

7

Accordingly, the Government respectfully requests that this Court instruct the defendant and defense counsel that they may not seek jury nullification. The Government submits that at a minimum the Court should bar the defendant from adducing evidence (whether by cross-examination, direct examination, the admission of exhibits), arguing to the jury, or seeking instructions on, the following matters:

- The penalties the defendant faces if convicted, the fact that the defendant is a mother of two children and/or that if convicted both of her children's parents will be incarcerated, or other facts that prey on a jury's sympathy or bias;

- That Law Firm 1, Law Firm 2, and/or Client 1 (as defined in the Indictment) did not discover the fraud for a long period or had policies that enabled the fraud;[1]

- That the defendant was coerced or forced to commit the charged offenses, unless: (1) the defendant advises the Court and the Government well in advance of trial that she is raising a duress defense; and (2) the parties have the opportunity to brief the issue, as the Government does not believe the facts of the case support a duress defense;

- Any allegation that Gary Friedman, a plaintiffs' lawyer in the multi-district litigation against major credit companies, acted improperly in the course of that multi-district litigation; except for purposes of cross-examination of Friedman if so approved by the Court;

---

[1] Indeed, the Third Circuit has held, in a wire fraud and conspiracy context, "[t]he fraud victim's negligence or lack of diligence in uncovering the fraud is not a defense." *United States v. Rennert*, 374 F.3d 206, 213 (3d Cir. 2004) (vacated in part on *Booker* grounds); *United States v. Hoffecker*, 530 F.3d 137, 177 (3d Cir. 2008) (district court did not err by instructing the jury that "the negligence of a victim was not a defense to the charged crimes" of mail fraud and conspiracy to commit mail and wire fraud). Thus, even if Law Firm 1, Law Firm 2, or Client 1 were negligent, which the United States does not concede, it would not provide a defense.

- Unless and until such time when Mr. Feliz testifies and the Government has the opportunity to be heard on the matter, the facts that the defendant's husband has been convicted of federal crimes (including narcotics offenses), is a narcotics trafficker, and/or fathered a child outside of his marriage to the defendant.

9

### III. THE COURT SHOULD HOLD A PRETRIAL HEARING PURSUANT TO FED. R. EVID 104 IF NECESSARY

The Court, if necessary, should hold a pretrial hearing pursuant to Fed. R. Evid. 104. Fed. R. Evid. 104 states that the "court must decide any preliminary question about whether . . . evidence is admissible." In this matter, the Government intends to introduce, among other documents, bank records and business records obtained from Law Firm and Law Firm 2. The Government is currently discussing with defense counsel whether the defendant will stipulate to the admissibility of these documents. If the parties cannot reach an agreement, the Government will seek a pretrial Rule 104 hearing in order to enable the trial to proceed as efficiently as possible. If made, the Government submits that the Court should grant the Government's motion. At this time, though, the Government requests that the Court reserve on this issue.

## CONCLUSION

For all of the foregoing reasons, the Government respectfully requests that the Court rule on the Government's pretrial motions as set forth above.

Respectfully submitted,

WILLIAM E. FITZPATRICK
Acting United States Attorney

_____
BRIAN URBANO
ANDREW KOGAN
Assistant United States Attorneys

Date: June 23, 2017
Newark, New Jersey

11